IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY AND NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION; | ) ) ) ) | Case No. |
| Interpleader Plaintiffs, | ) ) | **COMPLAINT FOR INTERPLEADER** |
| v. | ) | |
| MARY NEWTON ANDERMAN AND SEAN EDWARD ANDERMAN, | ) ) ) | |
| Interpleader Defendants. | ) | |

**PLAINTIFFS' INTERPLEADER COMPLAINT**

Interpleader Plaintiffs New York Life Insurance Company ("New York Life") and New York Life Insurance and Annuity Corporation ("NYLIAC") (collectively, "Interpleader Plaintiffs"), by and through their undersigned counsel and pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, hereby file this Complaint for Interpleader against Defendants Mary Newton Anderman ("Mary") and Sean Edward Anderman ("Sean") (collectively, "Interpleader Defendants") and state as follows:

**PARTIES**

1.  New York Life is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

2.  NYLIAC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

3.  Upon information and belief, Mary is a citizen of the State of Louisiana and resides in St. Mary Parish.

1

4. Upon information and belief, Sean is a citizen of the State of Texas and resides in Harris County.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 as the Interpleader Plaintiffs are in possession of funds valued at more than $75,000, the ownership of which is disputed by the Interpleader Defendants, who are citizens of different states, and no Defendant is a citizen of the New York or Delaware.

6. This Court has personal jurisdiction over the Interpleader Defendants. In this regard, 28 U.S.C. § 2361 provides for nationwide service of process and confers upon the Court the authority to provide the relief requested herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as at least one Defendant resides in Harris County, which is part of the Houston Division of the Southern District.

## FACTUAL BACKGROUND

### I. Policy No. XXXX2884 ("Policy")

8. On August 12, 1992, George Anderman ("the Decedent") applied for a whole life policy by submission of a Life Insurance Application ("Application for Policy") to New York Life. The Application for Policy indicated that the beneficiary was the Decedent's first wife, Andrea Anderman. *See* Application for Policy, redacted and attached hereto as **Exhibit A**.

9. On September 11, 1992, New York Life issued the Policy to the Decedent.

10. On or about September 13, 2022, New York Life received an online Change of Beneficiary Request naming Sean the 100% beneficiary of the Policy. *See* Combined Change of Beneficiary Request and 09.13.2022 Letter Confirming Beneficiary Change to Policy, redacted and attached hereto as **Exhibit B**.

11. On November 29, 2024, New York Life received an online Change of Beneficiary Request naming Mary the 100% primary beneficiary of the Policy. *See* 11.29.2024 Change of Beneficiary Request to Policy, redacted and attached hereto as **Exhibit C**.

## II. Annuity No. XXXX6045 ("Annuity")

12. On November 12, 1997, the Decedent submitted an Application for a Flexible Premium Deferred Variable Annuity to NYLIAC ("Application for Annuity") naming the Decedent's children, Taylor A. Anderman and Sean, as equal primary beneficiaries. *See* Application for Annuity, redacted and attached hereto as **Exhibit D**.

13. On November 17, 1997, NYLIAC issued the Annuity to the Decedent.

14. On September 13, 2022, NYLIAC received an online Change of Beneficiary Request naming Sean the 100% primary beneficiary of the Annuity. *See* Combined Change of Beneficiary Request and 09.13.2022 Letter Confirming Beneficiary Change to Annuity, redacted and attached hereto as **Exhibit E**.

15. On November 29, 2024, NYLIAC received an online Change of Beneficiary Request naming Mary the 100% primary beneficiary of the Annuity. *See* Combined Change of Beneficiary Request to Annuity and 11.29.2024 Confirmation Letter of Change to Annuity, redacted and attached hereto as **Exhibit F**.

## III. Facts Applicable to the Policy and the Annuity

16. The Decedent died on December 6, 2024. *See* Obituary, attached and redacted hereto as **Exhibit G**.

17. On or around December 17, 2024, Sean contacted New York Life to contest the beneficiary designations to the Policy and Annuity. In response, by letter dated December 17, 2024, New York Life requested that Sean explain the legal basis for his claim that the beneficiary

changes to the Policy and Annuity were invalid and submit any documentation in support. *See* 12.17.2024 Letter to Sean, redacted and attached hereto as **Exhibit H**.

18. By letter dated December 20, 2024, New York Life informed Mary that the beneficiary designations to the Policy and Annuity were disputed by Sean and that the dispute was being investigated. *See* 12.20.2024 Letter to Mary, redacted and attached hereto as **Exhibit I**.

19. On December 23, 2024 and via fax, New York Life received a letter from Sean disputing the November 29, 2024, beneficiary changes made to the Policy and the Annuity. *See* 12.23.2024 Dispute Letter from Sean, redacted and attached hereto as **Exhibit J**. Sean submitted duplicative copies of the letter to New York Life on different dates. Sean alleged that the Decedent was incapacitated at the time the beneficiary changes were made and therefore the Decedent could not have made the changes. *Id.*

20. On or about December 30, 2024, New York Life received a letter from Mary explaining that on November 19, 2023, the Decedent instructed her to change the beneficiary designations to the Policy and the Annuity. *See* Explanation Letter from Mary to New York Life, redacted and attached hereto as **Exhibit K**. Mary stated that the Decedent became unresponsive on November 22, 2024 due to a metastatic brain tumor. *Id.*

21. Along with her letter, Mary submitted to New York Life a Power of Attorney ("POA") document dated December 17, 2013, which names Mary the Decedent's attorney-in-fact. See POA, redacted and attached hereto as **Exhibit L**.

22. On January 30, 2025, Mary emailed New York Life a handwritten letter dated November 19, 2023, which the Decedent purportedly asked her to write while in the hospital, giving her permission to change the beneficiary designations to herself for the Policy and the

4

Annuity. *See* 11.19.2024 Handwritten Letter at Decedent's Direction, attached hereto as **Exhibit M**.

23. By letter to Sean, dated January 8, 2025, New York Life informed him that he had 20 days to notify New York Life if he intended to continue contesting payment to Mary. *See* 01.08.2025 Letter from New York Life to Sean, redacted and attached hereto as **Exhibit N**.

24. On or about January 21, 2025, New York Life received a letter from counsel for Sean serving as notice that Sean intended to continue contesting the beneficiary changes made to the Policy and the Annuity. *See* 01.21.2025 Letter from Counsel, redacted and attached hereto as **Exhibit O**.

25. Subsequently, New York Life communicated with Interpleader Defendants regarding the status of their claims to the Death Benefit and their offers or responses to resolve said claims.

26. As of the date of this filing, the death benefit due under the Policy is $180,511.20, and the value of the Annuity as of December 5, 2025, totals $56,281.16[1], (together, "Combined Death Benefit").

27. To the best of New York Life's and NYLIAC's knowledge, Sean and Mary maintain their respective claims to the Combined Death Benefit.[2]

---

[1] As of December 5, 2025, the Annuity proceeds totaled $56,281.16. The total value of the Annuity proceeds is subject to changes in market value and, therefore, this figure may be different as of deposit into the Registry of the Court and/or payment or distribution to the party(s).

[2] On August 28, 2006, the Decedent applied for a second life insurance policy with New York Life, naming Taylor Anderman and Sean primary beneficiaries thereof. New York Life issued life insurance policy no. XXXX6673 ("Policy 2"). On January 20, 2015, Mary was named primary beneficiary, and on September 17, 2022, Sean was named primary beneficiary of Policy 2. *See* Combined Beneficiary Confirmations for Policy 2, redacted and attached hereto as **Exhibit P. (DMS 6673 file page 51, 15)** On November 29, 2024, New York Life received an online Change of Beneficiary Request naming Mary primary beneficiary of Policy 2. *See* 11.29.2024 Change of

## **CAUSE OF ACTION: INTERPLEADER**

28. The Interpleader Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

29. Based on the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the Combined Death Benefit, and New York Life and NYLIAC are unable to discharge their admitted liability without exposure to multiple liability, multiple litigation, or both.

30. New York Life and NYLIAC are innocent stakeholders seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the Combined Death Benefit due and owning under Policy No. XXXX2884 and Annuity No. XXXX6045 noted above.

31. New York Life and NYLIAC neither have, nor claim, any interest in the Combined Death Benefit due and owing under Policy No. XXXX2884 and Annuity No. XXXX6045, and at all times have been willing to pay the Combined Death Benefit to the person or persons entitled to it.

32. New York Life and NYLIAC promptly bring this action before the Court to resolve the adverse claims.

33. New York Life and NYLIAC should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of New York Life or NYLIAC.

---

Beneficiary Request for Policy 2, redacted and attached hereto as **Exhibit Q.** (**DMS 6673 file page 168-69**).  Sean has completed a claim form for the Policy 2 Death Benefit.

34. New York Life and NYLIAC have in no way colluded with any of the parties named herein concerning the matters of this case. New York Life and NYLIAC file this Complaint for Interpleader Relief on their own free will to avoid multiple liability, multiple litigation, or both.

35. New York Life and NYLIAC intend to file their Motion for Deposit and Discharge, requesting permission to deposit the disputed funds with the Court's Registry and discharge from this action.

36. New York Life and NYLIAC allege that they are entitled to interpleader relief and recovery of their reasonable attorneys' fees and costs as a result of these proceedings.

## RELIEF REQUESTED

37. **WHEREFORE**, Interpleader Plaintiffs New York Life and NYLIAC respectfully request an Order granting the following relief:

   a. Interpleader Defendants be permanently enjoined from instituting or prosecuting against Interpleader Plaintiffs any proceedings in any state or United States District Court or administrative tribunal relating to the Combined Death Benefit payable under Policy No. XXXX2884 and Annuity No. XXXX6045 and on account of the death of George Anderman, and that said injunction issue without bond or surety;

   b. Interpleader Defendants be required to make full and complete Answer(s) to this Complaint for Interpleader Relief, and set forth which of them the Combined Death Benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

   c. A determination and declaration of the rights of the Interpleader Defendants to the Combined Death Benefit due and owing under Policy No. XXXX2884 and Annuity No. XXXX6045;

   d. Discharge of Interpleader Plaintiffs from any and all further liability under Policy No. XXXX2884 and Annuity No. XXXX6045 and on account of the death of George Anderman;

   e. Release of Interpleader Plaintiffs from further attendance upon this cause and dismissal of Interpleader Plaintiffs from this case, with prejudice;

    f. An award to Interpleader Plaintiffs of their reasonable costs and attorneys' fees in connection with this action, to be deducted from the Combined Death Benefit due and owing under Policy No. XXXX2884 and Annuity No. XXXX6045; and

    g. Such other and further relief as this Court deems just and equitable.

Dated: December 19, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

_____

Tracy Kambobe
5830 Granite Parkway
Suite 1000
Plano, TX 75024
Telephone: (469) 484-6199
Facsimile: (469) 828-7217
Tracy.kambobe@nelsonmullins.com

*Attorneys for Plaintiffs New York Life Insurance Company and New York Life and Annuity Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of this Interpleader Complaint by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Mary Newton Anderman
3213 Susan Drive
Morgan City, Louisiana 70380

Sean Edward Anderman
22811 Sylvanus Drive
Hockley TX 77447

                                                                                                                                          /s/ Tracy Kambobe_____
                                                                                                                                        Tracy Kambobe